UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Elizabeth Lawton,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Ferati's Car Care Center LLC,<br><br>　　　　　　Defendant. | Civil Action No.: _____<br><br>COMPLAINT<br><br>November 4, 2010 |

For this Complaint, the Plaintiff, Elizabeth Lawton, by undersigned counsel, states as follows:

## JURISDICTION

1.　　This is an action brought by Plaintiff Elizabeth Lawton to recover actual, statutory and punitive damages, reasonable attorney fees, and costs from Defendant Ferati's Car Care Center LLC for altering an odometer and giving false disclosures about the mileage of a motor vehicle. These acts violated subchapter IV of the Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701 et seq., (hereafter, the "Federal Odometer Act"); violated Conn. Gen. Stat. § 14-106b (hereafter, the "State Odometer Act"); violated Conn. Gen. Stat. 42-110b (hereafter the "Connecticut Unfair Trade Practices Act"); or constituted fraudulent misrepresentation.

2.　　Jurisdiction of this court arises under 49 U.S.C. § 32710(b), 28 U.S.C. §§ 1331 and 1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  The Plaintiff, Elizabeth Lawton ("Plaintiff"), is an adult individual residing in Oakville, Connecticut.

5.  Ferati's Car Care Center LLC (hereafter the "Dealership" or "Defendant") is a business entity with a principal place of business at 909 Main Street, Watertown, Connecticut, 06795, and is engaged in the business of selling and servicing motor vehicles within the jurisdiction of this Court.

## STATEMENT OF FACTS

6.  On or about September 11, 2009, the Plaintiff agreed to purchase a 2003 Chevrolet Tahoe, Vehicle Identification Number (VIN) 1GNEK13T53R282915 (hereafter, the "Vehicle") from the Dealership.

7.  The purchase price of the Vehicle was $18,675.00 including options, fees, and taxes.

8.  At the time of the purchase, the odometer of the Vehicle read approximately 61,945 miles.

9.  The next day, on September 12, 2010, the Dealership presented the Plaintiff with a Carfax[1] report that displayed Vehicle's mileage reading 53,341 as it was recorded on July 24, 2007.

---

[1] "Carfax" is a third party service that tracks, compiles, and distributes for a fee vehicle history information.

2

10. In addition, on September 15, 2010, the Dealership, on the Plaintiff's behalf, transmitted necessary car loan paperwork to Plaintiff's financing institution, filed Vehicle registration documents, and performed Vehicle emissions test.

11. The Dealership never presented the Vehicle's title to the Plaintiff for inspection, but rather mailed it directly to the Plaintiff's financing institution.

12. Shortly before October 5, 2010, the Plaintiff attempted to sell the Vehicle and was informed by a potential buyer that the Carfax report showed that the subject Vehicle was flagged as having had its odometer rolled back.

13. On or about October 5, 2010, the Plaintiff obtained her own copy of the Vehicle's Carfax report and the Vehicle title and learned that the actual mileage, as reported by the Dealership to Connecticut Department of Motor Vehicles, was 83,008 miles, and not 61,945 miles, as represented to the Plaintiff at the time of sale.

14. Further, the Carfax report showed the Vehicle's mileage reading of 83,341 miles, as it was recorded on July 24, 2007, and not 53,341 miles as presented by the Dealership to the Plaintiff on September 12, 2010.

15. Accordingly, the Defendant breached the contract for the sale of the vehicle and the Plaintiff is entitled to damages.

## COUNT I

## VIOLATIONS OF THE FEDERAL ODOMETER ACT, 49 U.S.C. § 32701 et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendant violated the Federal Odometer Act in one or more of the following respects:

    (a) The Defendant altered or caused to be altered the odometer of the automobile with the intent to change the number of miles indicated thereon in violation of 49 U.S.C. § 32703(2);

    (b) The Defendant, in making odometer disclosures, gave false statements to a transferee in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4.

18. The Defendant violated the Federal Odometer Act with intent to defraud.

19. The Defendant is a transferor within the terms of the Federal Odometer Act.

20. As a result of the above violations of the Federal Odometer Act, the Defendant is liable to the Plaintiff in the sum of three times her actual damages or $1500, whichever is greater, and attorney fees and costs.

## COUNT II

## VIOLATIONS OF THE STATE ODOMETER ACT, CONN. GEN. STAT. § 14-106b, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant violated the State Odometer Act in the following respect:

    (a) The Defendant altered or caused to be altered the odometer of the automobile with the intent to change the number of miles

indicated thereon in violation of Conn. Gen. Stat. § 14-106b(b);

23. The Defendant violated the State Odometer Act with intent to defraud.

24. The Defendant is a person within the terms of the State Odometer Act.

25. As a result of the above violations of the State Odometer Act, the Defendant is liable to the Plaintiff in the sum of three times her actual damages or $1500, whichever is greater, and attorney fees and costs.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, CONN. GEN. STAT. § 42-110a, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendant is in the business of selling motor vehicles and therefore is bound by Conn. Gen. Stat. § 42-110b(a) which prohibits engaging in unfair or deceptive acts in the conduct of any commerce or trade.

28. The Defendant violated Conn. Gen. Stat. § 42-110b(a) in one or more of the following respects:

    (a) The Defendant altered or caused to be altered the odometer of the automobile with the intent to change the number of miles indicated thereon;

    (b) The Defendant, in making odometer disclosures, gave false statements to a transferee.

29. The sale of the Vehicle under the guise that it had lesser actual

5

mileage would substantially impair its use, safety, or value and caused an ascertainable loss of money or property to the Plaintiff including, but not limited to, payments made, down payment, purchase price, repair costs and replacement vehicle rental costs.

30. As a result of the above referenced facts, the Plaintiff is entitled to relief.

## COUNT IV
## FRAUDULENT MISREPRESENTATION

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. In altering or causing the odometer of the automobile to be altered, the Defendant made a false representation of fact as to the true mileage of the automobile.

33. The representation was made with full knowledge of its falsity or with reckless disregard of the truth.

34. The Defendant intended future purchasers to rely on the representation of the odometer reading.

35. The Plaintiff justifiably relied on the false representation of the odometer reading. The odometer reading played a material and substantial part in leading the Plaintiff to purchase the automobile.

36. As a proximate result of the false representation, the Plaintiff has incurred losses, including the diminished value of the automobile, finance charges, higher insurance, and property taxes.

37. The false representation was made willfully, recklessly, maliciously or with intent to injure and defraud future purchasers and as such, the Defendant is subject to punitive damages.

## COUNT V
## COMMON LAW FRAUD

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The acts, practices and conduct engaged in by the Defendant and complained of herein constitute fraud under the Common Law of the State of Connecticut.

40. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices that were caused by the Defendant. All acts of the Defendant complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages in the amount of the greater of triple the damages proved at trial or $1500 plus attorney fees and cost of litigation under the Federal Odometer Act, 49 U.S.C. § 32710;

2. Actual damages in the amount of the greater of triple the damages proved at trial or $1500 plus attorney fees and cost of

litigation under the State Odometer Act, Conn. Gen. Stat. § 14-106b(d);

3. Punitive damages; and

4. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 4, 2010

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorney for Plaintiff